# Sloss-Sheffield Steel & Iron Company v. Whittaker.

## Injury to Servant.

(Decided January 23, 1913.   61 South. 18.)

*Master and Servant; Injury to Servant; Scope of Authority.*—
Where the complaint averred that it was defendant's duty to provide plaintiff with reasonable safe tools, implements and appliances with which to work, but that defendant negligently disregarded its said duty and failed to provide plaintiff therewith, and as a proximate consequence, etc., it sufficiently averred that plaintiff was acting within the line and scope of his authority at the time he was injured, and was not objectionable as authorizing recovery although the failure to provide was not due to negligence, but to some cause beyond defendant's control.

APPEAL from Birmingham City Court.

Heard before Hon. WILLIAM M. WALKER.

Action by Robert Whittaker against the Sloss-Sheffield Steel & Iron Company.   Judgment for plaintiff, and defendant appeals.   Affirmed.

Count 16 alleges, in effect, that defendant was operating coke ovens near Blossburg, Jefferson county, Ala., and in the operation thereof used large quantities of coal which were conveyed to said ovens in cars which were unloaded by means of drop bottom doors, and plaintiff says that at said time and place he was engaged in the employment of defendant and in and about his duties unloading a car load of coal for defendant, and while so engaged he was injured as follows: [Here follows catalogue of his injuries and damages.]   And

plaintiff alleges that "it was the duty of the defendant to provide plaintiff with reasonably safe tools, implements, and appliances with which to work, but defendant negligently disregarded his said duties, and failed to provide plaintiff with reasonably safe tools, implements, and appliances with which to work, and as a proximate consequence thereof plaintiff was injured as aforesaid."

TILLMAN, BRADLEY & MORROW, and L. C. LEADBETTER, for appellant. Count 16 was subject to the demurrers interposed and the court erred in overruling demurrers thereto.—*C. Foundry Co. v. Bailey*, 162 Ala. 623. Complaint failed to allege also that plaintiff was injured while performing the duties within the line of his employment.

PERDUE & COX, and WILLARD DRAKE, for appellee. The complaint was not open to any of the grounds of demurrer interposed thereto.—*Huyck v. McNerny*, 50 South. 929; Lebat, secs. 22-a, 23-4.

PELHAM, J.—This is an appeal on the record without a bill of exceptions, and the appellant assigns as error the ruling of the court on the defendant's demurrers to the sixteenth count of the complaint. The gravamen of this count is the alleged breach of the common-law duty of the master to furnish suitable appliances with which the servant might perform the duties required of him in and about the master's buisness. It is insisted in the first instance that the allegations of this count of the complaint (16) fail to aver that the plaintiff was acting within the line and scope of his "authority" at the time he was injured. We think it is sufficiently averred that the plaintiff at the time he

received his injuries was acting in the line and scope of his employment by the defendant, wherein it is alleged "at said time and place he [plaintiff] was in the employment of defendant, and engaged in and about his duties in unloading a car of coal for defendant, and that while he was so engaged he was injured," etc. "Duties" clearly has reference to the duties of his (plaintiff's) employment. The further contention is that the allegation of this count of the complaint as to the duty of the defendant to provide the plaintiff with reasonably safe tools is so drawn that the plaintiff would have been entitled to recover had the defendant failed to provide such tools, although the failure was not due to negligence, but to some cause beyond the control of the defendant. The allegation of the complaint at which the demurrers on this point are aimed is as follows: "Plaintiff alleges that it was the duty of the defendant to provide plaintiff with reasonably safe tools, implements, and appliances with which to work, but the defendant negligently disregarded its said duty and failed to provide plaintiff with reasonably safe tools, implements, and appliances with which to work, and as a proximate consequence thereof plaintiff was injured as aforesaid." The fair and reasonable construction of this allegation is that the defendant negligently failed to provide the plaintiff with reasonably safe tools, and the demurrer, not being well taken, was properly overruled.

The court's action in overruling the defendant's demurrers to the sixteenth count of the plaintiff's complaint was without error, and the case will be affirmed.

Affirmed.